# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-179-FDW-DCK

| | |
|---|---|
| **DONNA VANHORN,**<br><br>    Plaintiff,<br><br>v.<br><br>**REPUBLIC SERVICES OF NORTH CAROLINA, LLC,**<br><br>    Defendant. | **STIPULATED PROTECTIVE ORDER AND FED. R. EVID. 502(d) AND (e) CLAWBACK AGREEMENT/ORDER** |

## PURPOSE AND SCOPE

1. The purpose of this Stipulated Protective Order and Fed. R. Evid. 502(d) and (e) Clawback Agreement/Order ("Protective Order") is to govern the handling and disclosure of personal and proprietary information during discovery and mediation by Defendant Republic Services of North Carolina, LLC ("Defendant") and Plaintiff Donna Vanhorn ("Plaintiff"), (collectively, the "Parties"). This Protective Order does not govern testimony at any trial or hearing; nor does this Protective Order govern any tangible thing that may be offered into evidence at any trial or hearing. Nothing in this Protective Order should be read as authority to restrict public access to judicial records, court testimony, matters in evidence, or to any information relied upon by a court in making its decisions. Nothing in this Protective Order should be read as authority to file any document under seal without prior authorization from this Court.

## NEED FOR A PROTECTIVE ORDER AND CLAWBACK ORDER

2. In the course of discovery, the Parties will request and exchange information and documents that are or may be of a personal and/or of a proprietary nature, including but not limited to personnel records, tax returns and financial information, medical records and materials

related to employee benefits, as well as confidential personal or financial information regarding third parties. The Parties seek to limit the use of the information and documents during discovery and mediation to protect themselves from annoyance and potential embarrassment. Accordingly, they have agreed to the entry of this Protective Order to facilitate the production of the information requested and any information that has been or will be produced during discovery and mediation in this case.

3. Also in the course of discovery, the Parties may be required to produce large volumes of documents, the Parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502 (d) and (e) to do so.

**DEFINITION OF CONFIDENTIAL INFORMATION**

4. "Confidential information" as used herein means any type or classification of information which is designated as "confidential" in the manner specified below, in the good faith belief that such information falls within the scope of Rule 26(c) of the Federal Rules of Civil Procedure and is subject to this Protective Order. For purposes of this Protective Order, "confidential information" means proprietary, business, commercial, financial and/or personal information, including but not limited to employee personnel files, pay information, medical records, drug testing documents, workers' compensation files, corporate policies and procedures, trade secrets and other competitively sensitive materials, financial records, actuarial records and reports and information about disabilities, tax returns, retirement benefits, customer information, and other personal or financial information relating to third parties. "Confidential information" may include documents, information contained in documents, depositions, interrogatory answers,

and all other discovery pursuant to the Federal Rules of Civil Procedure, and other information furnished by or on behalf of any party in connection with this litigation that falls within the scope of this Protective Order.

## DESIGNATION OF INFORMATION AS CONFIDENTIAL

5. The party producing any documents or information subject to this Protective Order shall have the right to use its discretion in designating materials to be confidential information as defined herein. However, the party shall be obligated to designate only documents or information that it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

6. Any party producing documents may designate such documents and copies thereof as confidential by marking any confidential page as follows: CONFIDENTIAL. In lieu of placing said legend on the originals of documents, the producing party may legend the copies that are produced. When producing a multi-page document, all of which it contends is confidential, a party may designate the entire document as confidential by marking the cover page as follows: CONFIDENTIAL.

7. Information disclosed at the deposition of any party or at the deposition of one of the Defendant's present or former officers, directors, employees or agents, or of independent experts retained by any party for purposes of this litigation may be designated by such party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Protective Order. Alternatively, such party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within ten (10) days of receipt of the transcript, of the specific pages and lines of the transcript which

are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All depositions shall be treated as confidential for a period of at least ten (10) days after a full and complete transcript of said deposition is available.

## USE OF CONFIDENTIAL INFORMATION

8. Confidential information shall be used only for the purpose of these proceedings and shall not be disclosed to any person except the following:

    (a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

    (b) Deposition notaries and staff;

    (c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness or consultant for purposes of this lawsuit or to perform investigative work or fact research;

    (d) Deponents during the course of their depositions or potential witnesses of this case;

    (e) The Parties to this litigation, including Defendant's officers, and professional employees;

    (f) The court reporter and courtroom personnel at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

    (g) Court personnel, mediators or case evaluators appointed by the Court or the parties to conduct a case evaluation or mediation in this matter;

    (h) Jurors and prospective jurors;

    (i) Or any other person or entity to whom this Court orders or allows disclosure after notice and opportunity for hearing.

9. The confidential information may be displayed to and discussed with the persons identified in Paragraph 8(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit A</u>, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

10. No person to whom confidential information is disclosed shall disclose such confidential information to any person to whom disclosure is not authorized by the terms of this Protective Order, or make any other disclosure of such confidential information for any purpose whatsoever, commercial or otherwise. In addition to the other restrictions on disclosure contained herein, the Parties agree that no confidential information may be disclosed to any person (including any consultant, expert or employee of any party) until such person has read and signed a copy of this Protective Order, thereby indicating his or her willingness to be bound by its provisions. The disclosing party shall have the obligation to maintain records identifying all such persons to whom information has been disclosed.

11. In the event that a party disputes the propriety of the designation of any material or information as confidential, that party may file a motion with the Court requesting a ruling regarding whether the material or information should be treated as confidential for purposes of this Protective Order. No party shall be obligated to challenge the propriety of any designation of information as confidential and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

12. At the conclusion of this litigation, including any appeals, the parties will contact the Court to obtain any confidential information in the Court's files so the parties may make

appropriate disposition of all confidential information furnished pursuant to the terms of this Protective Order. At the conclusion of the litigation, the parties agree to return any confidential information to the party providing the confidential information except transcriptions of depositions taken in the course of this proceeding. Counsel for the parties may retain one copy of documents in their file in order to comply with the requirements of the North Carolina State Bar record retention rules.

13. The ultimate disposition of protected materials shall be subject to final order of the Court.

14. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the confidential information. Specifically, this Protective Order shall not require any party to notify or to obtain permission from other parties before introducing materials designated confidential at trial or examining witnesses about materials designated confidential during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, local court rules or order of Court.

15. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as that party may consider appropriate, including but not limited to moving that certain materials be filed under seal; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

## **SEALED FILINGS**

16. Documents, things and/or information, including portions of any transcript, shall not be filed under seal without a specific court order to do so. Any party seeking such an order shall comply with the Electronic Case Filing Administrative Policies and Procedure Manual.

17. Pursuant to Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988) and Local Civil Rule 6.1, each time a party seeks permission to make a sealed filing, it shall accompany the motion to seal with a supporting memorandum of law specifying: (i) a non-confidential description of the material sought to be sealed; (ii) a statement of reasons sufficient to overcome the public's presumptive right of access; (iii) a statement as to why sealing is necessary (i.e., why there are no adequate alternatives to filing under seal); (iv) a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and (v) supporting statutes, case law, or other authority.

## CLAWBACK AGREEMENT AND ORDER

18. Pursuant to Rule 502 (d) and (e) of the FRE, the Parties agree to and the Court orders protection of privileged and otherwise protected documents and electronically stored information against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a) The disclosure or production of documents, by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document;

(b) The inadvertent disclosure or production of a document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document, data or information as to the Receiving Party, or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind;

(c) If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(i) the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by bates number range or hash value, and (D) return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof, within 10 days of discovery by the Receiving Party. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's documents, data or information to identify potentially privileged or work product Protected Documents; and

(ii) If the Producing Party intends to assert a claim of privilege or other protection over documents, data or information identified by the Receiving Party as Protected Documents, the Producing Party will, within 10 days of receiving the Producing Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the FRCP, setting forth the basis for the claim of privilege or protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection;

(d) If, during the course of this litigation, a party determines it has produced a Protected Document:

(i) the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Document that is consistent with the requirements of the

8

FRCP, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection; and

(ii) the Receiving Party must, within 10 days of receiving Producing Party's written notification described above, return, sequester, or destroy the specified Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e) To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of the written notice by the Producing Party as set forth in paragraphs 18 (c)(ii) and 18 (d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f) The Receiving Party's return, sequestering or destruction of such Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents, data and/or information on grounds the documents, data and/or information are not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that:

(i) the Producing Party's production of the Protected Documents in this matter acts as a waiver of applicable privilege or evidentiary protection;

(ii) the disclosure of the Protected Documents was not inadvertent;

(iii) the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv) the Producing Party did not take reasonable steps to rectify the error.

(g) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(h) Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

19. By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of Rule 502 (d) and (e) of the FRE. Because the purpose of this Protective Order is to protect and preserve privileged documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval, through the close of fact discovery.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated this 28th day of March, 2019.

For the Plaintiff:

*/s/ Todd J. Combs*
COMBS LAW, PLLC
Todd J. Combs
N.C. Bar No. 23381
1965 Mecklenburg Hwy.
Mooresville, NC 28115
Telephone:   704.799.2662
Facsimile:   888.254.0111
Email: todd@combslaw.org

For the Defendant:

*/s/ Owen T. Hill*
LITTLER MENDELSON, P.C.
Owen T. Hill (Admitted Pro Hac Vice)
Ga. Bar No. 354393
F. Nicholas Chandler (Admitted Pro Hac Vice)
Ga. Bar No. 110451
3344 Peachtree Road, N.E., Suite 1500
Atlanta, GA 30326
Telephone:   404.233.0330
Facsimile:   404.233.2361
Email: ohill@littler.com
Email: nchandler@littler.com

Molly M. Shah
N.C. Bar No. 40275
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC  28202
Telephone:   704.972.7000
Facsimile:   704.333.4005
Email:  mmshah@littler.com

**APPROVED AND SO ORDERED:**

Signed: March 28, 2019

David C. Keesler
United States Magistrate Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-179-FDW-DCK**

| | |
|---|---|
| **DONNA VANHORN,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**REPUBLIC SERVICES OF NORTH CAROLINA, LLC,**<br><br><br>    **Defendant.** | **DECLARATION AND AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER** |

    1.    My name is _____. I reside at _____. I am employed as _____ (state position) by _____ (state name and address of employer).

    2.    I am aware that a Stipulated Protective Order (the "Protective Order") has been entered in the above case by the Court, and a copy thereof has been given to me. I have read and understand the terms of the Protective Order. I agree to be bound by the terms of the Protective Order.

    3.    I promise that the documents and information designated as "confidential information" pursuant to the Protective Order in this case will be used by me <u>only</u> in connection with the litigation of the above captioned matter.

4. I understand that any use or disclosure of information obtained by me from material marked "Confidential" in any manner contrary to the provisions of the Protective Order will subject me to sanctions for contempt by this Court.

5. I agree to submit myself to the personal jurisdiction of the above-captioned Court in connection with any proceedings concerning the Protective Order.

_____
(Signature of Declarant)

SUBSCRIBED AND SWORN to before me this_____day of
_____, _____

_____
Notary Public